1 | **ROME & ASSOCIATES, A.P.C.**
Eugene Rome (SBN 232780)
2 | erome@romeandassociates.com
Elizabeth Saura Wang (SBN 272306)
3 | lsaura@romeandassociates.com
2029 Century Park East, Suite 1040
4 | Los Angeles, California 90067
Telephone: (310) 282-0690
5 | Facsimile: (310) 282-0691

6 | Attorneys for Plaintiff
NAMECHEAP, INC.

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **CV12-03868 GAF (FFMx)**

12 | NAMECHEAP, INC., a Delaware corporation,

13 |

14 | Plaintiff,

15 | vs.

16 |

17 | AMECHEAP.COM, and 45 INFRINGING DOMAINS identified on Exhibit "A", and DOES 47 through 200,

18 |

19 |

20 | Defendants.

CASE NO.:

**COMPLAINT FOR:**

1. **VIOLATIONS OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT, PURSUANT TO THE *IN REM* PROVISIONS OF 15 U.S.C. § 1125(D)(2)(A);**
2. **TRADEMARK INFRINGEMENT (15 U.S.C. §1114);**
3. **TRADEMARK INFRINGEMENT (15 U.S.C. §1125 (A));**
4. **TRADEMARK DILUTION, (15 U.S.C. §1125 (C));**
5. **CYBERPIRACY (15 U.S.C.§1125(D); AND**
6. **INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

COPY

---

1

**COMPLAINT**

1    Plaintiff Namecheap, Inc. ("Plaintiff" or "Namecheap"), by and through its
2    undersigned attorneys, hereby complains against the infringing domain names
3    <AMECHEAP.COM> as well as forty-five (45) additional infringing domain names
4    (collectively, the "Infringing Domains") identified on Exhibit "A" to this Complaint,
5    pursuant to the *In Rem* provisions of 15 U.S.C. § 1125(d)(2)(A). Namecheap further
6    complains against the Doe defendants identified as Does 47 through 200, who are
7    the individuals and/or entities responsible for registering, using or trafficking in the
8    Infringing Domains (the "Defendants"), as follows:

9                            **NATURE OF THE ACTION**

10   1.     Namecheap brings this action against the Infringing Domains pursuant
11   to the *in rem* provisions of the Anticybersquatting Consumer Protection Act
12   ("ACPA"), 15 U.S.C. § 1125(d)(2)(A). With respect to the Infringing Domains,
13   Namecheap seeks a Court order under 15 U.S.C. § 1125(d)(2)(D)(i) instructing a
14   transfer of the Infringing Domain(s) to Namecheap.

15   2.     Namecheap further brings this action for trademark infringement and
16   cybersquatting against the individuals and entities responsible for the registration,
17   use and trafficking in the Infringing Domains, identified as Does 47-200. With
18   respect to these Defendants, Namecheap seeks damages, injunctive relief and a
19   transfer of the Infringing Domains in the Defendants' possession.

20                              **THE PARTIES**

21   3.     Namecheap is corporation organized and existing under the laws of the
22   state of Delaware, doing business throughout the world and offering domain name
23   registration and web-hosting services. Namecheap maintains its principal office in
24   Los Angeles, California and conducts business throughout the United States as well
25   as internationally.

26   4.     Namecheap is a registered owner of the trademark,
27   NAMECHEAP.COM, United States Trademark Registration No. 3,622,358,
28   embodying the term "NAMECHEAP", which it has used since as early as 2000.

1   Namecheap owns and operates its business via a website accessible at the domain
2   <www.namecheap.com>.  Namecheap has been operating its website at since 2000.
3   Namecheap is further the owner of various pending trademark registrations for the
4   NAMECHEAP mark, Serial Nos. 85572093, 85544636, 85556301, 85556443,
5   85556684, 85556760, 85557960, and 85558063.

6        5.     Namecheap has exploited the NAMECHEAP mark since 2000 by, *inter*
7   *alia*, marketing products under the "Namecheap" name in the United States and
8   abroad.    The NAMECHEAP mark, and its derivatives thereof, has been in
9   continuous use by Namecheap, for over twelve years.

10       6.     The Infringing Domains, as identified on Exhibit "A", are Internet
11  domain names.

12       7.     Defendants Does 47 through 200 are individuals, partnerships or
13  unincorporated business associations which own, operate, traffic in, use or control
14  the Infringing Domains, which are registered with registrars in multiple countries,
15  including the United States of America, the People's Republic of China, France,
16  Australia, Ireland, the Cayman Islands, the Czech Republic, and the Netherlands.

17       8.     The true names and capacities, whether individual, corporate, associate,
18  partnership, limited liability company, or otherwise, of Defendants Does 47 through
19  200 are unknown to Namecheap, who therefore sues said Defendants by such
20  fictitious names and will ask leave to amend this Complaint to show their true
21  names and capacities when the same have been ascertained after discovery, which is
22  necessary to ascertain the true names and capacities of these defendants.

23       9.     Namecheap alleges on information and belief that each of the
24  fictitiously-named Defendants is responsible for the wrongful conduct herein
25  alleged, and that such wrongful conduct caused harm to Namecheap.  At all material
26  times, each of the Defendants was the agent, servant, employee, partner, joint
27  venture, representative, subsidiary, parent, affiliate, alter ego, or co-conspirator of
28  the others, had full knowledge of, and gave substantial assistance to, the alleged

1    activities, and, in doing the things alleged, each was acting within the scope of such

2    agency, service, employment, partnership, joint venture, representation, affiliation,

3    or conspiracy, and each is legally responsible for the acts and omissions of the

4    others.

5                           **JURISDICTION AND VENUE**

6         10.    This Court has jurisdiction over the subject matter of this action under

7    15 U.S.C. § 1121 (original jurisdiction over Lanham Act claims), 28 U.S.C. §§ 1331

8    (federal question) and 1338(a) (jurisdiction to adjudicate federal trademark claims).

9         11.    This Court has *in rem* jurisdiction over each Infringing Domain under

10   the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A), (the

11   "ACPA"), because the domain name authority subject of 15 U.S.C. §

12   1125(d)(2)(C)(i), in this instance, the Internet Corporation for Assigned Names and

13   Numbers ("ICANN") is located in this judicial district.

14        12.    This court has jurisdiction over Defendants Does 47 through 200

15   pursuant to 28 U.S.C. § 1367.

16        13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

17   a substantial part of the events giving rise to this lawsuit occurred in this district,

18   including but not limited to the improper advertisement of Defendants' products and

19   services under the NAMECHEAP mark, Defendants' improper diversion of

20   customers searching for the NAMECHEAP mark to Defendant's websites located at

21   the Infringing Domains and the sales of Defendants' products and services to

22   customers wrongfully diverted by Defendants from Namecheap in Los Angeles

23   County, State of California.

24                        **FACTS COMMON TO ALL COUNTS**

25   A.    *Plaintiff's Intellectual Property*

26        1.    Since as early as the year 2000, Namecheap operated a domain name

27   registrar through its website, accessible at its web address, <namecheap.com>.

28   Namecheap   owns   the   federal   trademark   registration   for   the   mark

1  NAMECHEAP.COM, United States Trademark Registration No. 3,622,358, used in
2  connection with the marketing and sale of computer services, including domain
3  name registration and web-hosting products and services.   The Trademark
4  Registration is attached hereto as Exhibit "B."  Namecheap has additional pending
5  trademark registrations for its various NAMECHEAP marks under Serial Nos.
6  85572093, 85544636, 85556301, 85556443, 85556684, 85556760, 85557960, and
7  85558063. In addition, Namecheap has common law trademark rights in the
8  NAMECHEAP marks since as early as the year 2000 (together, the "Namecheap
9  Marks").

10      2.     Namecheap has spent a substantial amount of time, money and
11  resources, to promote, advertise and protect its mark, and has developed valuable
12  goodwill and an outstanding reputation in the Namecheap Marks.  Namecheap
13  promotes its products and services in its promotional literature, at trade shows and
14  on its website <www.namecheap.com>.  Notably, a number of other domain names
15  owned and operated by Namecheap corresponding to the Namecheap Marks, all
16  "point" to the website.  A true and correct copy of the domain name home page is
17  attached hereto as Exhibit "C."

18      3.     Namecheap has devoted and continues to invest considerable resources
19  and efforts to promote its mark, logos and domain names in connection with its
20  domain name registration and web-hosting products and services, and as a result,
21  has developed considerable goodwill therein.

22      4.     The Namecheap Marks, corresponding logos, and domain names have
23  become an invaluable asset of Namecheap, signifying the high quality services and
24  products offered by Namecheap.

25      5.     The Namecheap Marks have been used in interstate commerce to
26  identify and distinguish Namecheap's goods and services.

27      6.     The Namecheap Marks have never been assigned or licensed to any of
28  the Defendants in this matter.

7.    The Namecheap Marks represent Namecheap's quality, reputation and goodwill, and have never been abandoned.

8.    As a result of Namecheap's efforts, members of the consuming public readily identify products and services bearing the Namecheap Marks as being high quality goods and services sponsored and approved by Namecheap.

9.    Accordingly, the Namecheap Marks have achieved secondary meaning as identifiers of high quality goods and services, including marketing and sale of computer services, domain name registration and web-hosting products and services. Namecheap products and services are widely and legitimately advertised and promoted by Namecheap and other authorized third parties, via the Internet.

10.    Upon information and belief, at all times relevant hereto, Defendants who have registered and/or used the Infringing Domains have had full knowledge of Namecheap's ownership of the Namecheap Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

**B.    *Defendants Infringing Domains***

11.    Namecheap is informed and believes and based thereupon alleges that registration and use of Infringing Domains is confusingly similar to the Namecheap Marks in association with the marketing and sale of products and services, specifically those pertaining to domain name registration and web-hosting services. The Infringing Domains violate Namecheap's rights, as proscribed by 15 U.S.C. § 1125(d)(2)(A)(i).

12.    As required by 15 U.S.C. § 1125(d)(2)(D)(i), Namecheap will file this Complaint with the Court and shall, thereafter, serve same upon the registrar/registry/domain name authority and shall request that the domain name be locked and that the identity of the Defendant using the corresponding Infringing Domain be revealed. Namecheap shall, thereafter, amend this Complaint to state the identities of the Doe Defendants.

13.    Defendants attempting to unlawfully profit from Namecheap's

widespread promotion, use, marketing and advertising of the Namecheap Marks, unlawfully adopted, registered and used the domains to divert customers searching for Namecheap's products and services marketed under the Namecheap Marks to Defendants' competing website.

14.   Defendants' wrongful misappropriation of the Namecheap Marks designation, and their deceptive use of variations thereof, are likely to lead to confusion, mistake and deception, thus infringing on Namecheap's trademark, company name, and domain name, all of which feature the term NAMECHEAP as a prominent component.  Defendants' conduct violates federal, state and common law as mentioned more fully herein.  Namecheap will suffer irreparable injury until and unless this infringing conduct is enjoined by this Court.

15.   On information and belief, Defendants will continue to register or acquire new domain names for purposes of infringing on the Namecheap Marks unless preliminarily and permanently enjoined.

16.   The domain names are essential components of Defendants infringing activities and are the means by which Defendants further their infringement scheme and cause harm to Namecheap.  Defendants are using the Namecheap Marks to drive Internet consumer traffic to the websites operating under the Infringing Domains, thereby creating and increasing the value of Infringing Domains at Namecheap's expense.

17.   The unauthorized use of the Namecheap Marks is and continues to be the proximate cause of harm to Namecheap. Defendants' infringement is knowing and intentional and with reckless disregard or willful blindness to Namecheap's rights for the purpose of trading on the goodwill and reputation of Namecheap.

# COUNT I

## *IN REM* ACTION AGAINST EACH INFRINGING DOMAIN

### 15 U.S.C. § 1125 (d)(2)

(Against All Infringing Domains)

18.     Namecheap restates and hereby incorporates the allegations contained in paragraphs 1 through 17, inclusive, as though set forth in full.

19.     Each of the Infringing Domains constitutes property having a *situs* in the judicial district of this Court, as required by 15 U.S.C. § 1125(d)(2)(A).

20.     Namecheap is the owner of the federally-registered service mark NAMECHEAP.COM (Reg. No. 3,622,358) and has common law trademark rights in the domain <www.namecheap.com> and the term NAMECHEAP (together, the "Namecheap Marks").

21.     The Namecheap Marks were famous and distinctive prior to the registration or use of the Infringing Domains.

22.     The registration and use of the Infringing Domains violates Namecheap's rights as the owner of the Namecheap Marks.

23.     On information and belief, none of Infringing Domains have any trademark or other intellectual property rights to use the Namecheap Marks in the Infringing Domains.

24.     On information and belief, each Infringing Domain was registered with bad faith intent to profit from the Namecheap Marks.

25.     Namecheap is not able to obtain *in personam* jurisdiction in this Action over any person who would be a proper defendant in a civil action under 15 U.S.C. § 1125(d)(1) related to each of the Infringing Domains.

26.     Namecheap has exercised due diligence in attempting to find a proper defendant for a civil action under 15 U.S.C. § 1125(d)(1) related to each of the Infringing Domains.  Despite this exercise of due diligence, Namecheap has not been able to find and/or identify the proper defendant.

27.     The registration and use of the Infringing Domains is likely to cause confusion, to cause mistake, and to deceive as to the origin, source, or sponsorship of the Namecheap Marks and the NAMECHEAP.COM domain name among the public and Namecheap's customers.

28.     The registration and use of the Infringing Domains is likely to cause dilution of Namecheap's famous and distinctive Namecheap Marks.

29.     The registration and use of the Infringing Domains by parties unaffiliated with Namecheap has caused, and will continue to cause, great and irreparable injury to Namecheap and, unless such acts are restrained by this court, they will be continued, and Namecheap will continue to suffer great and irreparable injury.

30.     Consequently, in accordance with 15 U.S.C. § 1125(d)(2)(D)(i), Namecheap seeks a Court order, instructing the registrar/registry/domain name authority to effectuate a transfer of each Infringing Domain to Namecheap.

## COUNT II

### FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114

(Against Defendants Does 47 through 200)

31.     Namecheap hereby incorporates the allegations contained in paragraphs 1 through 30, inclusive, as though set forth in full.

32.     Defendants' use of the Infringing Domains, each of which embodies the Namecheap Marks, is and was without the permission, consent or authorization of Namecheap.

33.     Defendants' actions constitute infringement of the Namecheap Marks in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and give rise to a likelihood of confusion, deception and mistake among the consuming public and trade as to the source, origin, sponsorship or affiliation of Defendants' business, services and products.

34.     Upon information and belief, Defendants were aware of the

9

COMPLAINT

1　Namecheap Marks prior to Defendants registration and use in commerce of
2　NAMECHEAP embodied in the Infringing Domains.　As such, Defendants' use
3　thereof with knowledge of Namecheap's trademark rights renders Defendants'
4　trademark infringement willful.

5　　　　35.　　As a direct and proximate result of Defendants' conduct, Namecheap
6　has suffered irreparable harm to its operations, reputation and goodwill including,
7　but not limited to, damage to Namecheap's core business of domain name
8　registration and web-hosting products and services.

9　　　　36.　　If Defendants are not enjoined and restrained from their use and
10　promotion of their products and services through the Namecheap Marks,
11　Namecheap's goodwill and reputation will continue to suffer immediate, substantial
12　and irreparable injury that cannot be adequately calculated and compensated in
13　whole by monetary damages.

14　　　　37.　　By reason of Defendants' wrongful acts, Namecheap has been injured
15　in an amount to be determined at trial and is entitled to the remedies provided for in
16　15 U.S.C. §1116, *et seq.*

17　　　　38.　　To halt the ever-mounting injury, Namecheap hereby requests that the
18　Court issue temporary, preliminary and permanent injunctive relief, restraining
19　Defendants from further infringing or otherwise violating Namecheap's intellectual
20　property rights as herein described in addition to awarding damages.

21　　　　　　　　　　　　　　　　**COUNT III**
22　**FEDERAL TRADE NAME INFRINGEMENT AND FALSE DESIGNATION**
23　　　　　　　　**OF ORIGIN 15 U.S.C. § 1125(A)**
24　　　　　　　(Against All Defendants Does 47 through 200)

25　　　　39.　　Namecheap hereby incorporates the allegations contained in paragraphs
26　1 through 38, inclusive, as though set forth in full.

27　　　　40.　　Defendants' intentional use of the Infringing Domains, each of which
28　which embodies the Namecheap Marks, is and was without the permission, consent

1   or authorization of Namecheap.  Defendants are engaging in the alleged use of the

2   Namecheap Marks in interstate commerce in furtherance of their unauthorized

3   promotion, marketing and sale of their services and products.

4        41.   Defendants' unauthorized use of the Namecheap Marks in the

5   Infringing Domains is likely to cause confusion, mistake, or deception, in violation

6   of 15 U.S.C. §1125(a) and constitutes the sale of goods or services bearing a false

7   designation or origin.  In addition, Defendants' use of the Namecheap Marks is

8   likely to mislead and deceive the public into believing that Namecheap owns,

9   endorses or otherwise sanctions the operation of the Infringing Domains.

10  Defendants' infringement of the Namecheap Marks dilutes and devalues the

11  Namecheap Marks, especially in connection with services so closely related to

12  Namecheap's business.

13       42.   Defendants' use of the Namecheap Marks in the Infringing Domains in

14  connection with their promotion, marketing and sale of their goods and services

15  with knowledge of Namecheap's trademark rights renders Defendants' trademark

16  infringement willful, particularly following notice of Namecheap's rights.

17       43.   As a direct and proximate result of Defendants' conduct, Namecheap

18  has suffered and, unless enjoined by the Court, will continue to suffer, damage to its

19  operations, reputation and goodwill including, but not limited to, damage to

20  Namecheap's core business of domain name registration and web-hosting products

21  and services.

22       44.   By reason of Defendants' wrongful acts, Namecheap has been injured

23  in an amount to be determined at trial and is entitled to the remedies provided for in

24  15 U.S.C. §1116, *et seq.*

25       45.   To halt the ever-mounting injury, Namecheap hereby requests that the

26  Court issue temporary, preliminary and permanent injunctive relief restraining

27  Defendants from further infringing or otherwise violating Namecheap's intellectual

28  property rights as herein described.

1

## COUNT IV

2

## TRADEMARK DILUTION 15 U.S.C. § 1125(C)

3

(Against All Defendants Does 47 through 200)

4

46.   Namecheap hereby incorporates the allegations contained in paragraphs

5

1 through 45, inclusive, as though set forth in full.

6

47.   The Namecheap Marks are famous and distinctive in the United States

7

and abroad as that term is used in § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

8

Namecheap has taken reasonable steps to preserve the integrity and image of the

9

Namecheap Marks.

10

48.   Defendants' intentional commercial use of the Namecheap Marks

11

embodied in the Infringing Domains is likely causing and will continue to likely

12

cause dilution of the famous and distinctive Namecheap Marks.

13

49.   Defendants began using the Namecheap Marks long after the

14

Namecheap Marks became famous.

15

50.   Upon information and belief, Defendants' commercial use of the

16

Namecheap Marks in the Infringing Domains demonstrates Defendants' willful

17

intent to trade on Namecheap's reputation and to cause dilution of the Namecheap

18

Marks.

19

51.   As a direct and proximate result of Defendants conduct, Namecheap

20

has suffered and continues to suffer irreparable injury to Namecheap's business

21

reputation by Defendants' dilution of the distinctive quality of the Namecheap

22

Marks, with consequent damage to Namecheap and the business and goodwill

23

symbolized by said trademark, in violation of 15 U.S.C. §1125(c), for which

24

Namecheap has no adequate remedy at law.

25

52.   If Defendants are not enjoined and restrained from their illicit use of

26

the Namecheap Marks on their website and through the Infringing Domains,

27

Namecheap and its goodwill and reputation will continue to suffer immediate,

28

substantial and irreparable injury that cannot be adequately calculated and

1   compensated in whole by monetary damages.

2       53.    By reason of Defendants' wrongful acts, Namecheap has been injured

3   in an amount to be determined at trial and is entitled to the remedies provided for in

4   15 U.S.C. §1116, *et seq.*

5                                   **COUNT V**

6                       **CYBERPIRACY 15 U.S.C. § 1125(D)**

7                   (Against All Defendants Does 47 through 200)

8       54.    Namecheap hereby incorporates the allegations contained in paragraphs

9   1 through 53, inclusive, as though set forth in full.

10      55.    The Namecheap Marks are distinctive and is closely associated with

11  Namecheap's formative domain name addresses, including without limitation the

12  domain name <www.namecheap.com.>  The Namecheap Marks have been used by

13  Namecheap to market its products and services to customers in the United States

14  and abroad.

15      56.    Defendants registered and commenced use of nearly identical and

16  confusingly similar domain names to the Namecheap Marks, the Infringing

17  Domains, in connection with marketing, offering and sale of domain name

18  registration and web-hosting products and services.  Defendants have never done

19  business under the name NAMECHEAP and have no intellectual property rights or

20  license to use the Namecheap Marks.

21      57.    Namecheap is informed and believes and based thereupon alleges that

22  Defendants registered and commenced use of the Infringing Domains after

23  becoming aware of the Namecheap Marks, as evidenced by the date of the subject

24  registrations.

25      58.    Defendants' actions in registering, commencing and continuing use of

26  the Infringing Domains were done with the bad faith intent to profit from such use

27  by trading off the goodwill that Namecheap has accumulated in the Namecheap

28  Marks.

59.   If Defendants are not enjoined and restrained from their use and promotion of the Infringing Domains, Namecheap's goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in whole by monetary damages.  Moreover, under 15 U.S.C. § 1125(d)(1)(C), Namecheap seeks an injunction ordering Defendants and their registrar/registrant/other domain authority to transfer the Infringing Domains to Namecheap.   Finally, Namecheap seeks a permanent injunction restraining Defendants from registering any domain name containing the term NAMECHEAP.

60.   By reason of Defendants' wrongful acts, Namecheap has been injured in an amount to be determined at trial and is entitled to the remedies provided for in 15 U.S.C. §1117 and 1125(d).

## COUNT VI

## INJUNCTIVE RELIEF

(Against All Defendants Does 47 through 200)

61.   Namecheap hereby incorporates the allegations contained in paragraphs 1 through 60, inclusive, as though set forth in full.

62.   In doing the acts described herein, Defendants have irreparably harmed Namecheap by their unlawful use of the of the Namecheap Marks embodied in the Infringing Domains, harming Namecheap's goodwill, diminishing the value of its intellectual property and misappropriating sales of goods and services rightfully belonging to Namecheap.

63.   Defendants' aforementioned use and intended use of the Namecheap Marks embodied in the Infringing Domains that re-directs consumers searching for Namecheap's actual products and services marketed under the Namecheap Marks is imminent and still on-going and will occur prior to a determination of Namecheap's rights to the matters detailed herein. Namecheap is suffering and will continue to suffer irreparably harm if Defendants' acts are allowed to continue.

64.   Namecheap has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue. It will be utterly impossible for Namecheap to determine the precise amount of damages that it will suffer if Defendants' aforementioned acts are not restrained.

65.   Namecheap therefore seeks an injunction preventing Defendants from using the Namecheap Marks incorporated into the Infringing Domains.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Namecheap, Inc. prays for judgment as follows:

(a)   That this Court declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner of Infringing Domains as identified on Exhibit "A" hereto; and direct any and all domain name authorities to transfer and register Infringing Domains to Plaintiff pursuant to 15 U.S.C. § 1125(d)(2)(D)(i);

(b)   For a temporary restraining order, preliminary injunction and permanent injunction against Defendants Does 47 through 200, their officers, partners, agents, servants, employees, parents, subsidiaries, related companies, successors, predecessors, assigns and attorneys, and all other in active concert or participation with any of them, enjoining them from:

(i)   Using in any manner any Infringing Domains, or any other term or terms likely to cause confusion with the Namecheap Marks, as the domain name of Defendants' website service, or in connection with the retrieval of data or information or on other goods and services, or in connection with the advertising or promotion of goods, services or websites;

(ii)   Using, whether directly or indirectly, the federally-registered service mark NAMECHEAP.COM or any other mark or word similar to any of the Namecheap Marks in a manner which is likely to cause dilution, confusion, or mistake, or to deceive, on

1            goods or services of any kind;

2      (iii)   Doing any other act or thing likely to confuse, mislead, or

3            deceive others into believing that Defendants Does 47 through

4            200 or any of their respective products or services emanate from

5            Namecheap, or are connected with, sponsored by, or approved by

6            Namcheap or any of its operating divisions;

7      (iv)   Aiding or assisting any person in engaging in any of the acts

8            prohibited by subsections (i) through (iii) above.

9      (c)   The Defendants Does 47 through 200, in accordance with 15 U.S.C. §

10   1118, be required to deliver to Plaintiff all domain names, labels, signs, prints,

11   packages, wrappers, receptacles, and advertisements in Defendants possession,

12   custody, or control;

13      (d)   The Defendants Does 47 through 200, in accordance with 15 U.S.C. §

14   1116(a) be required to cease any other infringing conduct, and undertake

15   affirmative conduct, such as corrective advertising of Plaintiff's goods and

16   services;

17      (e)   That this case be deemed "exceptional" within the meaning of the

18   Lanham Act;

19      (f)   For disgorgement of profits realized as a result of the  registration,

20   trafficking and use by Defendants of the Infringing Domains name, and that such

21   award be trebled pursuant to 15 U.S.C. § 1117(a);

22      (g)   For disgorgement of profits realized as a result of the  registration,

23   trafficking and use by Defendants of Infringing Domains pursuant to 15 U.S.C. §

24   1117(a);

25      (h)   For attorneys fees' and costs under 15 U.S.C § 1117(a);

26      (i)   For three times the amount of damages that Namecheap has sustained

27   as a result of Defendants' violation of 15 U.S.C. § 1125(a);

28      (j)   For three times the amount of damages that Namecheap has sustained

1    as a result of Defendants' violation of 15 U.S.C. § 1114;

2         (k)    For Namecheap and against Defendants on the fifth claim for violation

3    of 15 U.S.C. § 1125(d) for no less than the statutory damages of $100,000.00 per

4    domain name pursuant to 15 U.S.C. § 1117(d);

5         (l)    For an award of reasonable attorneys' fees and costs, and interest

6    thereon; and

7         (m)    For such other and further relief as the Court deems just and proper.

8

9    Dated: May 1, 2012                    **ROME & ASSOCIATES, A.P.C.**
                                            **Eugene Rome**
10

11

12                                         By:_____
                                               EUGENE ROME
13                                         Attorneys for Plaintiff NAMECHEAP,
                                           INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff NAMECHEAP, INC., hereby requests a trial by jury on all issues triable by a jury.

Dated: May 1, 2012

ROME & ASSOCIATES, A.P.C.
Eugene Rome

By: _____
            EUGENE ROME
Attorneys for Plaintiff NAMECHEAP, INC.

# EXHIBIT A

# EXHIBIT A

## DEFENDANTS BY DOMAIN NAME AND DEFENDANT NUMBER

## ("INFRINGING DOMAINS")

| DEFENDANT | DOMAIN NAME | REGISTRATION DATE |
|-----------|-------------|-------------------|
| Defendant 1 | amecheap.com | 04/24/06 |
| Defendant 2 | anmecheap.com | 04/24/06 |
| Defendant 3 | namecheaps.com | 02/14/08 |
| Defendant 4 | namescheap.net | 09/30/05 |
| Defendant 5 | namexheap.com | |
| Defendant 6 | namechesp.com | |
| Defendant 7 | namecheapl.com | |
| Defendant 8 | name-cheap.com | 08/08/04 |
| Defendant 9 | namedcheap.com | |
| Defendant 10 | nnamecheap.com | |
| Defendant 11 | nsmecheap.com | |
| Defendant 12 | namcheap.net | |
| Defendant 13 | name4cheap.com | 10/16/05 |
| Defendant 14 | namechaep.com | |
| Defendant 15 | namechap.com | |
| Defendant 16 | namechep.com | |
| Defendant 17 | namrcheap.com | 08/04/10 |
| Defendant 18 | namescheap.info | |
| Defendant 19 | nanecheap.com | 04/12/06 |
| Defendant 20 | namecheap.net | 03/23/01 |
| Defendant 21 | nammecheap.com | 12/26/10 |
| Defendant 22 | nameecheap.com | 12/26/10 |
| Defendant 23 | naamecheap.com | 10/02/10 |

A-1
EXHIBIT A

| DEFENDANT | DOMAIN NAME | REGISTRATION DATE |
|---|---|---|
| Defendant 24 | namecheeap.com | 04/07/11 |
| Defendant 25 | namecheapp.com | 12/26/10 |
| Defendant 26 | nmaecheap.com | 12/26/10 |
| Defendant 27 | namecheaap.com | 10/02/10 |
| Defendant 28 | nameheap.com | 11/09/06 |
| Defendant 29 | namwcheap.com | 11/09/11 |
| Defendant 30 | namecheaps.info | 03/17/11 |
| Defendant 31 | namechepa.com | 04/19/06 |
| Defendant 32 | namceheap.com | 04/19/06 |
| Defendant 33 | naemcheap.com | 04/19/06 |
| Defendant 34 | namcheap.com | 12/07/04 |
| Defendant 35 | namechea.com | 04/28/11 |
| Defendant 36 | naecheap.com | 06/01/11 |
| Defendant 37 | namescheap.us | 01/01/04 |
| Defendant 38 | namecheap.us | 01/01/04 |
| Defendant 39 | namecheap.biz | 01/01/04 |
| Defendant 40 | namescheap.biz | 01/01/04 |
| Defendant 41 | namecneap.com | 11/19/11 |
| Defendant 42 | namehceap.com | 05/18/08 |
| Defendant 43 | nameceap.com | 05/18/08 |
| Defendant 44 | nmecheap.com | 05/18/08 |
| Defendant 45 | mamecheap.com | 05/03/08 |
| Defendant 46 | namecehap.com | 05/03/08 |

# EXHIBIT B

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 3,622,358
Registered May 19, 2009

### SERVICE MARK
### PRINCIPAL REGISTER

# NameCheap.com

NAMECHEAP, INC. (DELAWARE CORPORA-
TION)
11400 W. OLYMPIC BOULEVARD
SUITE 200
LOS ANGELES, CA 90064

FOR: COMPUTER SERVICES, NAMELY, REDIR-
ECTING ELECTRONIC MAIL TO CHANGED PER-
SONAL ELECTRONIC ADDRESS; RE-DIRECTION
AND FORWARDING OF MESSAGES; FILTERING
OF UNWANTED E-MAILS; HOSTING AND MAIN-
TAINING AN ON-LINE WEB SITE FOR OTHERS TO
REGISTER, MANAGE AND TRANSFER DOMAIN
NAMES FOR USE ON A GLOBAL COMPUTER
NETWORK; CREATING, MAINTAINING AND
HOSTING WEB SITES FOR OTHERS, IN CLASS 42
(U.S. CLS. 100 AND 101).

FIRST USE 11-9-2000; IN COMMERCE 11-9-2000.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-579,698, FILED 9-26-2008.

MICHAEL WIENER, EXAMINING ATTORNEY

# EXHIBIT C




Namecheap
Address your life!

Domain Registration with FREE E-mail/ URL
Forwarding, Privacy Protection and more...

Username | Password | Blog | Forums | Status

Shopping Cart • User: Signup • Login • Whois •   USD   24x7 SUPPORT

| DOMAINS | EMAIL | WEB HOSTING | SSL CERTIFICATES | PRODUCTS | MARKETPLACE | MORE ... | MY ACCOUNT |

# 2 9 8 9 4 4 5

Share    Tweet

**Domains**
from $4.98/yr

**Domain Transfer**
from just $4.99/yr

**WhoisGuard**
for just $1.58/yr

## Register your domains from just $2.48/yr. Search Now

www.   Enter Domain to Search   .com   

Bulk Domain Search   Whois Lookup   Pricing Details

**Features Included:**
Free WhoisGuard Protection*
Featured DNS Services
Security Features

Free Url & Email Forwarding
Full Domain Control
Show all domain features ...

*My business relies upon Namecheap in many aspects. They have been a stable and consistent company for my company to rely upon. We love all of the extra free features that you get when you register a domain through them.*

— David Prinzing, President, deltaend.com

more testimonials

Namecheap.com is rated 4.6 out of 5 – Based on 1,429 reviews via Google Checkout

### Web Hosting
starting at
$**2**.95
per month

| Web Hosting | $2.95/mo |
| Reseller Hosting | $14.95/mo |
| Virtual Private Servers (VPS) | $16.95/mo |
| Dedicated Servers | $109.00/mo |

### SSL Certificates
starting at
$**8**.95
per year

| Comodo PositiveSSL | $8.95/yr |
| RapidSSL Certificate | $9.95/yr |
| Comodo EV SSL | $139.00/yr |
| Comodo EssentialSSL | $25.00/yr |

### Domain Transfer
starting at
$**4**.99
per year

Transfer your domain to Namecheap.com

yourdomain.com

   Transfer Process

★ Tell your friends how much you love Namecheap, and win $5000 in cash
★ Host unlimited domain names for a single monthly price with Namecheap Reseller Hosting

**Products**
Domains
Transfers
Web Hosting
SSL Certificates
FreeDNS
WhoisGuard Privacy
Marketplace
Developer API

**Help**
Knowledgebase
Live Support
Submit Ticket
How-to Videos
Twitter
Facebook
Community Forums
About Us

**Legal**
Terms and Conditions
Privacy Policy
UDRP

**Others**
Affiliate Program
Contests
Sitemap

### Subscribe to our Newsletter

your@email.com    SUBSCRIBE

Receive exclusive coupons and news about us by subscribing to our newsletter (sent twice a month)

Follow us
on Twitter

Like us on
Facebook

The entirety of this site is protected by copyright © 2001-2012 Namecheap.com. Please send your questions/ comments to us at support@namecheap.com.

We are an ICANN accredited registrar.
Serving customers since 2001

Payment Options    VeriSign Trusted    TRUSTe CERTIFIED PRIVACY

ROME & ASSOCIATES, A.P.C.
Eugene Rome (SBN 232780)
erome@romeandassociates.com
2029 Century Park East, Suite 1040
Los Angeles, CA 90067
Telephone: 310-282-0691

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| NAMECHEAP, INC., a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>AMECHEAP.COM, and 45 INFRINGING DOMAINS identified on Exhibit "A", and DOES 47 through 200,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-03868 GAF(FFMx)<br><br><br>SUMMONS |

*See Additional Defendants attached:*

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Eugene Rome_____, whose address is _2029 Century Park East, Suite 1040, Los Angeles, CA 90067_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: _MAY – 3 2012_____

Clerk, U.S. District Court

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**ORIGINAL**

# EXHIBIT A

## DEFENDANTS BY DOMAIN NAME AND DEFENDANT NUMBER

## ("INFRINGING DOMAINS")

| DEFENDANT | DOMAIN NAME | REGISTRATION DATE |
|---|---|---|
| Defendant 1 | amecheap.com | 04/24/06 |
| Defendant 2 | anmecheap.com | 04/24/06 |
| Defendant 3 | namecheaps.com | 02/14/08 |
| Defendant 4 | namescheap.net | 09/30/05 |
| Defendant 5 | namexheap.com | |
| Defendant 6 | namechesp.com | |
| Defendant 7 | namecheapl.com | |
| Defendant 8 | name-cheap.com | 08/08/04 |
| Defendant 9 | namedcheap.com | |
| Defendant 10 | nnamecheap.com | |
| Defendant 11 | nsmecheap.com | |
| Defendant 12 | namcheap.net | |
| Defendant 13 | name4cheap.com | 10/16/05 |
| Defendant 14 | namechaep.com | |
| Defendant 15 | namechap.com | |
| Defendant 16 | namechep.com | |
| Defendant 17 | namrcheap.com | 08/04/10 |
| Defendant 18 | namescheap.info | |
| Defendant 19 | nanecheap.com | 04/12/06 |
| Defendant 20 | namecheap.net | 03/23/01 |
| Defendant 21 | nammecheap.com | 12/26/10 |
| Defendant 22 | nameecheap.com | 12/26/10 |
| Defendant 23 | naamecheap.com | 10/02/10 |

A-1
**EXHIBIT A**

| DEFENDANT | DOMAIN NAME | REGISTRATION DATE |
|-----------|-------------|-------------------|
| Defendant 24 | namecheeap.com | 04/07/11 |
| Defendant 25 | namecheapp.com | 12/26/10 |
| Defendant 26 | nmaecheap.com | 12/26/10 |
| Defendant 27 | namecheaap.com | 10/02/10 |
| Defendant 28 | nameheap.com | 11/09/06 |
| Defendant 29 | namwcheap.com | 11/09/11 |
| Defendant 30 | namecheaps.info | 03/17/11 |
| Defendant 31 | namechepa.com | 04/19/06 |
| Defendant 32 | namceheap.com | 04/19/06 |
| Defendant 33 | naemcheap.com | 04/19/06 |
| Defendant 34 | namcheap.com | 12/07/04 |
| Defendant 35 | namechea.com | 04/28/11 |
| Defendant 36 | naecheap.com | 06/01/11 |
| Defendant 37 | namescheap.us | 01/01/04 |
| Defendant 38 | namecheap.us | 01/01/04 |
| Defendant 39 | namecheap.biz | 01/01/04 |
| Defendant 40 | namescheap.biz | 01/01/04 |
| Defendant 41 | namecneap.com | 11/19/11 |
| Defendant 42 | namehceap.com | 05/18/08 |
| Defendant 43 | nameceap.com | 05/18/08 |
| Defendant 44 | nmecheap.com | 05/18/08 |
| Defendant 45 | mamecheap.com | 05/03/08 |
| Defendant 46 | namecehap.com | 05/03/08 |

A-2

EXHIBIT A

ROME & ASSOCIATES, A.P.C.
Eugene Rome (SBN 232780)
erome@romeandassociates.com
2029 Century Park East, Suite 1040
Los Angeles, CA 90067
Telephone: 310-282-0691

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAMECHEAP, INC., a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>AMECHEAP.COM, and 45 INFRINGING DOMAINS identified on Exhibit "A", and DOES 47 through 200,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-03868 GAF (FFMx)<br><br><br>**SUMMONS** |

*See Additional Defendants attached:*

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Eugene Rome_____, whose address is _2029 Century Park East, Suite 1040, Los Angeles, CA 90067_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAY − 3 2012

Clerk, U.S. District Court

Dated: _____

By: _____**JULIE PRADO**_____
         Deputy Clerk
         *(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*



---

CV-01A (10/11)                                          **SUMMONS**

## EXHIBIT A

## DEFENDANTS BY DOMAIN NAME AND DEFENDANT NUMBER

## ("INFRINGING DOMAINS")

| DEFENDANT | DOMAIN NAME | REGISTRATION DATE |
|---|---|---|
| Defendant 1 | amecheap.com | 04/24/06 |
| Defendant 2 | anmecheap.com | 04/24/06 |
| Defendant 3 | namecheaps.com | 02/14/08 |
| Defendant 4 | namescheap.net | 09/30/05 |
| Defendant 5 | namexheap.com | |
| Defendant 6 | namechesp.com | |
| Defendant 7 | namecheapl.com | |
| Defendant 8 | name-cheap.com | 08/08/04 |
| Defendant 9 | namedcheap.com | |
| Defendant 10 | nnamecheap.com | |
| Defendant 11 | nsmecheap.com | |
| Defendant 12 | namcheap.net | |
| Defendant 13 | name4cheap.com | 10/16/05 |
| Defendant 14 | namechaep.com | |
| Defendant 15 | namechap.com | |
| Defendant 16 | namechep.com | |
| Defendant 17 | namrcheap.com | 08/04/10 |
| Defendant 18 | namescheap.info | |
| Defendant 19 | nanecheap.com | 04/12/06 |
| Defendant 20 | namecheap.net | 03/23/01 |
| Defendant 21 | nammecheap.com | 12/26/10 |
| Defendant 22 | nameecheap.com | 12/26/10 |
| Defendant 23 | naamecheap.com | 10/02/10 |

A-1

**EXHIBIT A**

| DEFENDANT | DOMAIN NAME | REGISTRATION DATE |
|---|---|---|
| Defendant 24 | namecheeap.com | 04/07/11 |
| Defendant 25 | namecheapp.com | 12/26/10 |
| Defendant 26 | nmaecheap.com | 12/26/10 |
| Defendant 27 | namecheaap.com | 10/02/10 |
| Defendant 28 | nameheap.com | 11/09/06 |
| Defendant 29 | namwcheap.com | 11/09/11 |
| Defendant 30 | namecheaps.info | 03/17/11 |
| Defendant 31 | namechepa.com | 04/19/06 |
| Defendant 32 | namceheap.com | 04/19/06 |
| Defendant 33 | naemcheap.com | 04/19/06 |
| Defendant 34 | namcheap.com | 12/07/04 |
| Defendant 35 | namechea.com | 04/28/11 |
| Defendant 36 | naecheap.com | 06/01/11 |
| Defendant 37 | namescheap.us | 01/01/04 |
| Defendant 38 | namecheap.us | 01/01/04 |
| Defendant 39 | namecheap.biz | 01/01/04 |
| Defendant 40 | namescheap.biz | 01/01/04 |
| Defendant 41 | namecneap.com | 11/19/11 |
| Defendant 42 | namehceap.com | 05/18/08 |
| Defendant 43 | nameceap.com | 05/18/08 |
| Defendant 44 | nmecheap.com | 05/18/08 |
| Defendant 45 | mamecheap.com | 05/03/08 |
| Defendant 46 | namecehap.com | 05/03/08 |

A-2

EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 3868 GAF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[ ] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NAMECHEAP, INC., a Delaware corporation | AMECHEAP.COM, and 45 INFRINGING DOMAINS identified on Exhibit "A", and DOES 47 through 200 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Eugene Rome (SBN 232780), Rome and Associates, APC, 2029 Century Park East, Suite 1040, Los Angeles, CA 90067, Telephone: 310-282-0690 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ MONEY DEMANDED IN COMPLAINT: $ *100,000 +*

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125(d); 15 U.S.C. 1125(a); 15 U.S.C. 1114. All claims concern trademark infringement through registration and use of infringing domain names

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-03868

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No   ☒ Yes
If yes, list case number(s): Namecheap, Inc. v. Stafford, et al., USDC Case No.: 2:11-cv-08756-PA-RZ

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Various States in the U.S., the People's Republic of China, France, Australia, Ireland, the Cayman Islands, the Czech Republic, and the Netherlands |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  5/2/12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |